**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

IN THE MATTER OF:

Inspection of the workplace
located at and near:                                     Case No. 6:23-SW-2033-DPR

1323 W. Locust Street
Springfield, Missouri 65803

under the control or custody of:

SPRINGFIELD IRON & METAL, LLC

**APPLICATION FOR ADMINISTRATIVE SEARCH WARRANT UNDER
THE OCCUPATIONAL SAFETY AND HEALTH ACT OF 1970**

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

I, Rebecca Hart-Schmidt, Assistant Area Director of the Kansas City Area Office,

Occupational Safety and Health Administration, United States Department of Labor, hereby

apply for an administrative search warrant, pursuant to section 8(a) of the Occupational

Safety and Health Act of 1970, 29 U.S.C.A. §§ 651-678, 657(a), hereinafter referred to as the

OSH Act, for the inspection, investigation, and search of the work place located at 1323 W.

Locust Street, Springfield, Missouri 65803, described as the work place where Springfield

Iron & Metal, LLC ("Springfield Iron & Metal"), is believed to be engaged in metal and

scrap recycling.

     1.    This workplace is the place of occupation of employees who are employed by

Springfield Iron & Metal. The business address of Springfield Iron & Metal is 1323 W.

Locust Street, Springfield, Missouri 65803.

2.     The authority for issuance of the administrative search warrant is section 8(a) of the OSH Act and Marshall v. Barlow's, Inc., 436 U.S. 307, 98 S.Ct. 1816 (1978).

3.     Sections 8(a)(1) and 8(a)(2) of the OSH Act specifically authorize the Secretary of Labor to make inspections and investigations of any factory, plant, establishment, construction site, or other area, workplace, or environment where work is performed by an employee of an employer.  Sections 8(a)(1) and 8(a)(2) are implemented in part by Chapter 9 of the Field Operations Manual (FOM), CPL 02-00-164 (hereinafter "CPL 02-00-164"), attached hereto as Exhibit A and incorporated herein.

4.     Paragraph I.A.6 of CPL 02-00-164 defines a referral as an allegation of a potential workplace hazard or violation received from certain sources, including from another federal, state, or local government agency.  Ex. A, CPL 02-00-164, para. I.A.6.d. Following receipt of a referral, an inspection is warranted if at least one of the listed criteria is met.  Ex. A, CPL 02-00-164, para. I.C.  In this case, an inspection is warranted because the information provided by the referral alleges that an imminent danger situation, a violation of the OSH Act, or of an OSHA standard exists, which exposes employees to a potential serious physical or health hazard in the workplace.   Ex. A, CPL 02-00-164, para. I.C.3. Additionally, an inspection is warranted because the information provided by the referral concerns an establishment and alleged hazards covered by local, regional, or national emphasis programs.  Ex. A, CPL 02-00-164, para. I.C.4.

5.     The warrant sought hereby is based upon the following facts and circumstances:  On March 3, 2023, OSHA received a phone call from an environmental analyst with Missouri Department of Natural Resources ("MO DNR").  MO DNR was on-

2

site at Springfield Iron & Metal to look into environmental concerns; while there, the MO DNR analyst observed Springfield Iron & Metal employees shredding, among other items, large appliances and automobiles, creating what is known as "shredder fluff". The employees shoveling the fluff and other debris back into the shredder were not wearing any personal protective equipment ("PPE"). <u>See</u> Referral Report, attached hereto as Exhibit B and incorporated herein. Fluff produced by shredding automobiles is known to contain numerous hazardous chemicals, including lead. The MO DNR analyst also raised concerns about cinderblocks being shredded, leading to the release of respirable crystalline silica ("RCS"), and unguarded points on the shredder. <u>Id.</u> A summary of the concerns raised in the referral and the applicable regulatory standards are as follows:

| Complaint Item | Potential Violation/Hazard | Applicable Standard |
|---|---|---|
| 1 | Employees lack PPE while sweeping and shoveling debris/ "shredder fluff" | 29 C.F.R. § 1910.132 (personal protective equipment) |
| 2 | Cinder blocks placed in cars before shredding – silica dust is generated | 29 C.F.R. § 1910.1053 (respirable crystalline silica) |
| 3 | Propane tanks placed in cars before shredding – fire/explosion hazard | 29 C.F.R. § 1010.101(b) (compressed gasses) 29 C.F.R. § 1910.106(b)(6) (flammable liquids) |
| 4 | Employees inhale "shredder fluff" while sweeping and shoveling debris | 29 C.F.R. § 1910.134 (respiratory protection) |
| 5 | Debris from shredder/hammer mill is thrown out "like a projectile" into yard and to business next door. | 29 C.F.R. § 1910.212 (machine guarding) |
| 6 | Employees exposed to unguarded chain and sprocket while working next to shredder/hammer mill | 29 C.F.R. § 1910.219 (mechanical power transmission apparatus) |
| 7 | Employees exposed to point of operation while leaning over shredder | 29 C.F.R. § 1910.212 (machine guarding) |

6.     The concerns brought forth by the MO DNR analyst are covered by three separate national emphasis programs ("NEPs"). First, the Standard Industrial Classification ("SIC") for Springfield Iron & Metal – 5093 for Scrap and Waste Materials – is listed as a "targeted" industry in Appendix A of the NEP for Lead, CPL 03-00-009, attached hereto as Exhibit C and incorporated herein. Ex. C, CPL 03-00-009, para. X.B.1 and p. A-2. Second, the referral alleged potential worker exposures to RCS, and therefore "shall be treated as having priority" and necessitates a health inspection, per the NEP for Respirable Crystalline Silica, CPL 03-00-023, attached hereto as Exhibit D and incorporated herein. Ex. D, CPL 03-00-023, para. XI.C.1.a. And third, the MO DNR analyst voiced concerns about an unguarded chain and sprocket and point of operation on the shredder. Potential amputation hazards fall under the NEP on Amputations in Manufacturing Industries, CPL 03-00-022 (attached hereto as Exhibit E and incorporated herein) and "must be handled by an inspection". Ex. E, CPL 03-00-022, para. X.A.

7.     Because the referral met more than one of the criteria of Section I.C of CPL 02-00-164 (i.e., the referral alleged violations of the OSH Act and its implementing regulations and the establishment and hazards alleged were covered by at least one NEP), "the Area Office [wa]s authorized to conduct an inspection." Ex. A, CPL 02-00-164, para. I.H.3.

8.     Safety and Health Compliance Officer ("CSHO") Fanny Bowers visited the Springfield Iron & Metal worksite on the morning of March 10, 2023. CSHO Bowers conducted the opening conference with David Braun, the company's Vice President and Chief Financial Officer. At this time, Mr. Braun mentioned his company is currently

engaged in litigation against BNSF Railway related to many of the same items listed in the referral. As such, before the CSHO was allowed to conduct a walk-around of the workplace, Mr. Braun indicated he would need the company's attorney and safety consultant on-site. CSHO Bowers asked Mr. Braun to contact these individuals to see if they could come to the facility at that time. Neither was available, so the employer requested a warrant before OSHA continued with the inspection.

9.      It is requested that the warrant authorize the inspection and investigation of the conditions set forth above in paragraph 5, including information alleged in the referral, related to potential hazards from exposure to lead and RCS and exposure to unguarded machinery.  This may include the inspection procedures outlined in the respective NEPs. See Ex. C, CPL 03-00-009, para. XI; Ex. D, CPL 03-00-023, para. XI.D; Ex. E, CPL 03-00-022, para. X.  Further, the CSHO may expand the inspection if other hazards or violations are in plain view.

The inspection and investigation shall include review of all relevant records, files, and papers, and will be conducted during regular working hours or at other reasonable times, within reasonable limits, and in a reasonable manner,  including access to employees for voluntary questions in a private setting, and the taking of photographs, videotapes, environmental samples (including the use of personal sampling equipment), and measurements when necessary.  The CSHO's credentials will be presented, and the inspection and investigation will be commenced as soon as practicable after the issuance of this warrant and will be completed with reasonable promptness.

10.     Any information, including videotapes, photographs, and environmental samples, obtained in connection with the inspection and that is designated to be a trade secret, as defined in 18 U.S.C. § 1905, shall be considered confidential as provided in section 15 of the OSH Act, 29 U.S.C. § 664.

I declare under penalty of perjury that the foregoing is true and correct.

REBECCA HART-SCHMIDT
Digitally signed by REBECCA HART-SCHMIDT
Date: 2023.03.31 11:10:29 -05'00'

Rebecca Hart-Schmidt
Assistant Area Director
Occupational Safety and Health Administration
United States Department of Labor

Subscribed and sworn to before me in my presence via telephone, or by other electronic means, on this 31st day of _____March_____, 2023.

Honorable David P. Rush
United States Magistrate Judge

6

Seema Nanda
Solicitor of Labor

Christine Z. Heri
Regional Solicitor

Evert H. Van Wijk
Associate Regional Solicitor


 */s/ Traci Martin*
Traci Martin
Senior Trial Attorney
MO Bar No. 59796

2300 Main Street, Suite 10100
Kansas City, MO 64108
(816) 285-7272
martin.traci.e@dol.gov

*Attorneys for Acting Secretary of Labor Julie A. Su*
*United States Department of Labor*

7